CITY OF ROCKLAND *vs.* MARY C. FARNSWORTH.

Knox.    Opinion August 17, 1894.

</div>

*Taxes.   Assessment.   Void in part.   R. S., c. 6, § 91.   Rockland City Charter. Act of 1885, c. 482.*

A city tax is invalid when the resolve raising it by the city council has not been legally passed or approved by the mayor as required by the city charter.

In action of debt to recover State, county and city taxes assessed *in solido*, it is no defense to the suit for the unpaid part of the State and county taxes, that the city tax, included in such assessment, is invalid.

See *Rockland* v. *Farnsworth*, 83 Maine, 228.

ON REPORT.

This was an action of debt to recover State, county and city taxes assessed against the defendant for the year 1885, as an inhabitant of the city of Rockland.

The defendant contended that the city tax was never raised by a vote of the city council; or if so, that the resolve was never presented to or approved by the mayor as required by its charter, being c. 482 of Acts of 1885.

An amended record made by the recording officer, after he had ceased to hold office, tends to prove the passage of the resolve raising the city tax, but it does not appear to have ever been submitted to the mayor for his approval as required by the city charter, or to have been approved by him.

*W. H. Fogler*, city solicitor, for plaintiff.
*Mortland and Johnson*, for defendant.

SITTING: PETERS, C. J., WALTON, VIRGIN, LIBBEY, FOSTER, HASKELL, JJ.

HASKELL, J. The defendant's tax for the year 1885, was $552. Upon this tax she paid $92, leaving a balance of $460 unpaid for which this suit is brought.

The defendant contends that the city tax is invalid, and we think it is. Nothing has been called to our attention showing the State and county taxes, that are included in the assessment, to be irregular or invalid; but it is claimed that the $92 paid more than pays the State and county taxes. This is not so. The State and county taxes included in the assessment against the defendant aggregate more than that sum. They amount to $98.06. Moreover, the $92 paid was levied upon real estate, and was applied by the parties to the payment of that tax, which included State, county and city taxes. Being so paid in reduction of the defendant's tax, it leaves a balance of $460 now sued for. Of this sum $80.70 is State and county tax, and although assessed *in solido* with the city tax against the defendant, appears to be a valid tax and may be recoverd in this action.

> *Judgment for plaintiff for $80.70, with interest from the date of the writ.*

VIRGIN and LIBBEY, JJ., died before the decision of this case.